Good morning, Your Honors. May it please the Court, my name is Paul Viriyapanthu. I am the appellant pro per. I would like to reserve three minutes for rebuttal, if I may. Can I ask a going-in question? Sure. It just occurred to me this morning, this whole case is extremely unusual, and it is an affirmative case, essentially to have the government tell your client whether what he's doing is illegal or not. I've never seen a case like that. Well, this case has a lot of unusual... Well, I know, but I just, what is it? It's a declaratory judgment action? Yeah, this is what I'm asking. But the government hasn't challenged your ability to do this. No, they haven't. Well, it was under a threat of arrest. The procedural history of the case was an ATF agent did, I am representing myself, but an ATF agent did, after I contacted them, whether it would be legal to make a functioning semi-automatic rifle from pieces of a destroyed military M16, provided I make modifications so it could not fire fully automatically, the ATF agent which contacted me basically told me to surrender it or potentially face arrest. So hence, the declaratory relief action was filed in federal court before the surrender occurred. So I guess it is an unusual case that would not normally come to the courts this way. Ordinarily, machine gun possession cases result after someone's been arrested. This one, it was proactively filed for declaratory relief after an ATF agent contacted me and requested that I surrender it. Did they threaten prosecution? Huh? Did they threaten prosecution? Yes, they did. That's in the pleadings, yes. Prosecution was threatened that surrender it or we can come take it from you. Then I filed suit. Well, to come and take it from you is a little bit different than threatening to prosecute you. Well, I mean, that's what they said. I mean, I took it as a threat of prosecution and that's what I put in the pleadings, that they did make an affirmative threat to arrest. So that's why this case started. It resulted after I received notification from an ATF agent to surrender or there would be potential criminal prosecution. That's how it was. So where did the district court go wrong? Huh? Where did the district court go wrong? The district court dismissed on Rule 12b, dismissal for a lack of, for failure to state a claim. What I'm challenging the case on is a U.S. v. Lopez as this matter, as the, essentially, ATF is acting, is through administrative regulations, exercising the same police power that was forbidden to Congress in the case of U.S. v. Lopez. In this case, section 922-0, which commerce clause power to regulate machine guns, does not actually apply to this. If you read the section 922-0, it specifically states that this sub, this subpart shall not apply to any lawful possession or any lawful transfer of a machine gun that was lawfully possessed prior to 1986. Um, that's what 922-0 says. And to this day, you can still purchase a machine gun, go through the same, uh, steps to purchase. Uh, it's not illegal to have a machine gun. It's only illegal to have a machine gun made after 1986. Do you contend that all the parts that you acquired or were, all the parts that are an issue here, were they acquired before 1986? Uh, the only parts that are at issue here are the receiver itself, which is considered the machine gun. Everything else, I mean, right now, were they acquired, was it, were these receiver pieces acquired before 1986? None were acquired after 1986. Uh, not, the ones at issue here, no. These, these are. I thought you had some pre-'86, some post-'86, pre-2003, and some post-2003. Yeah, because what it, well, just to reiterate to the Court, this is the machine gun we're talking about. Yes. It's two pieces. This is the current, uh, this is the current specifications ATF has for just demilling a machine gun. These are the U.S. DoD specifications for demilling a machine gun. Um, they call for two, two cuts across the receiver, resulting in three pieces. This, uh, is from the DoD manual, Department of Defense manual, that the U.S. Attorney's Office, um, uh, filed in this case, which was dated 2011. So, as far as I can tell, as of 2011, they may have come out with a new one, but as of 2011, what the U.S. military was selling off as, uh, scrap metal, demilled parts, ATF actually considers to be a machine gun. So, that's sort of the issue, and the extent, this case is But, as I understand it, the problem is that, although this was once a machine gun, uh, pre-'86, let's assume that, um, there is no record that it was lawfully possessed, or is currently lawfully possessed, in the sense that it is registered with a chain of title back to the pre-1986 period. Now, I understand you say that's in part because for some period in there, it wasn't a machine gun. Yes. Um, and because you can't register it now. Yes. But, the net result is, I guess, that it comes out as a non-grandfathered machine gun, because, um, you can't register it now. Yeah, that's essentially the gist of the argument, is that prior to 2002, when ATF, uh, changed specs to, um, to this thing, um, this kind of cut was legal, which is this, this matches this cut. I know, but what's your legal, I'm trying to understand this. What is your legal challenge? Your legal challenge is, I mean, why doesn't the statute apply? I mean, the statute applies to say that you do not presently lawfully possess this machine gun. Now, you don't like that result because you say, well, that's not fair because, uh, essentially what you're saying is because, um, I, I couldn't, I can't register it now, so I can't lawfully possess it, but so what? There, I mean, there's a banned machine gun now. Yes, but that's actually U.S. v. Lopez, isn't it? Because in U.S. v. Lopez, that was... All right, that's it, but, but that's flipping over from the question of whether the statute applies. No, I... The statute says you can't, you can't possess a machine gun now unless you possess it lawfully, you know, and it goes back to 1986. You can't possess it now lawfully because you can't register it now, so you don't possess it lawfully. So what's the legal, what's the statutory problem? Well, to re, to clarify something, there's not one statute, there's actually two. There's section 922-0, and then there's section, uh, 26 U.S.C., section 5861. The national, uh, NAF, or whatever. That's the taxation one, 922-0 is the interstate commerce one. 922-0, by its, its actual wording does not apply, is what I'm saying. But why doesn't it apply? Because by its wording, it, uh, the wording of 922-0, I mean, I can pull it up and read it verbatim, but it says, this statute, section 922 is not applicable to any, uh, possession, any lawful possession or any lawful transfer. But, right, it doesn't apply in the sense that, that 922 is applicable because you, you don't come within the exception. Well, no, I, I'm saying I do fall within the exception because 922 does not apply. So you're saying it is applicable now, but 922-0 is applicable, but in fact it isn't applicable because you don't lawfully now possess it. Well, if the short, if the reply to me, my answer is it does not because I fall within the exception of 922-0 as it was a lawful possession prior to 1986. But not now. But not now. After the change. Well, there's no, but that's the statute requires both. You have to have lawful possession now and you don't. Well, it doesn't, where in the statute does it say that it must have lawful possession now? Because that's where I, I'm just reading the exceptions to 922-0. Any lawful transfer or lawful possession of a machine gun that was lawfully possessed before the date. So you have to both lawfully possess it now and have lawful, and it has to have been lawfully possessed before 1986. But you don't lawfully possess it now. Well, I, I was lawfully possessed prior to 1986. Right, but you don't lawfully possess it now. So at the end you're finished. Oh, so, well, it's, I don't see where it says on there, well, my point is it doesn't have a valid interstate commerce purpose. Okay. So now we're going to the Constitution. Go ahead. Yeah, we're going to the Constitution. But just to reiterate, my position is 922-0 doesn't apply because the statute says that it does not apply to anything lawfully possessed prior to 1986. All right. If they're trying to interpret it as applying to this now, it doesn't have an interstate commerce purpose because Congress did not regulate interstate commerce for machine guns that were lawfully possessed prior to 1986. I don't see where in the statute it says that I have, I mean, the statute says 922-0  doesn't apply to anything lawfully possessed prior to 1986. On a Rule 12, my factual pleadings are accepted as true. If this were a criminal proceeding, the burden of the government had is not preponderance, it's beyond a reasonable doubt. So what we have is we have a machine gun that meets the criteria before 2002 of what was considered lawful to possess. Because at this time, ATF considered this destroyed. It was no longer a machine gun. Okay. Well, how is this different from Stewart? I understand then, Stewart, he made a machine gun and you didn't, but you could make a machine gun out of these pieces. I could. Right now, it's already a machine gun. That's the other point. Okay. Even though it's So why can't, but you can make an operable machine gun if you wanted to. Excuse me? You can make an operable machine gun. An operable machine gun? If I could make an operable machine gun All right. So why isn't that sufficient for interstate commerce purposes? That is that you, as in Stewart, that is that you have an impact on, a potential impact on the national market of machine guns. Well, because this Aside from the fact that this originally came from Connecticut, but let's watch that out, because that was a long time ago. Okay. Well, the issue is Congress is simply not regulating interstate commerce for machine guns made before 1986 that were lawful to possess. But it's regulating it now. Yeah, but they You can't, wherever you got it from, you can't have a machine gun now. Yes, but that is still exercising the same police power that was issued in U.S. v. Lopez. Okay. All right. We got that point. Why don't we hear from the government? Sure. Thank you. I'll give you a minute for rebuttal. Morning. May it please the court. Assistant United States Attorney Jeffrey D. Wilson on behalf of the director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Thomas E. Brandon. This case originated when Mr. Viripan submitted photographs of what he believed to be a destroyed M-16 fully automatic machine gun receiver to the ATF to inquire as to whether he could lawfully use those pieces to construct a semi-automatic rifle for his own personal use. Upon reviewing the photographs, the ATF determined that he was, in fact, in possession of a M-16 machine gun receiver that was readily restorable to fire in a fully automatic condition. And as that machine gun was not registered to him, he was thus in unlawful possession of a machine gun. Did you, did the ATF threaten to prosecute him? That is what he alleged. I believe that is true. So for the purposes of this, We take that as true. We do take it as true. The ATF did advise him that he could avoid prosecution by surrendering the pieces of the M-16 to the ATF, and he's acknowledged that in his complaint. The ATF, through the course of this litigation, he has been provided with the current M-16 destruction standards that he just showed to the court. And it's, he is able to do what he initially set out to accomplish by destroying the receiver in his possession to current destruction standards. And then he will no longer be in danger of criminal prosecution because he will not have a firearm readily restorable to fire in a fully automatic fashion that is not registered to him. And he can then inquire with ATF again, is there a way I can reassemble this into a semi-automatic rifle for my personal use? And he hasn't gotten to that point yet because he's, as of yet, not destroyed the machine gun. The part of this that sounds, I don't know about what the legal challenge is, but sounds somewhat unfair, is that he, if he, it had been an intact machine gun over this entire period, he could have, it could have been transferred legally and he could lawfully possess it. And the problem is that he couldn't do that because for a large period of this time it wasn't a machine gun. And therefore, it couldn't be transferred, there was no reason to be, or it couldn't have been, I gather, registered as a machine gun or transferred as a machine gun. So therefore, he has fewer rights than if he had had an actual operable machine gun over all that time. At first blush, that does sound unfair because he did allege that he acquired these pieces lawfully, believed them to be scrap metal and acquired them in the relevant time period. But when he acquired them, he was not acquiring a machine gun and did not believe he was acquiring a machine gun. Correct. He believed he was acquiring a collector's item, scrap metal, something of that nature. So the fact that he can't register it now as a machine gun is not unfair when you consider he purchased scrap metal and he can still possess that same scrap metal that would still have that intrinsic historic value. No, he can't, unless he cuts it up somewhere. If he cuts it up. And all he has to do is cut it up and he could keep what he has now. The problem is that as technology changed over the years, what was once considered destroyed is now readily restorable to an operable condition, which is the language of the statute. And that's what makes it a fully automatic machine gun, is that it's readily restorable to that condition, absent compliance with the current destruction standards. And in terms of the issues regarding Commerce Clause and tax powers, it appears the Court has those issues well in hand. And this Court as recently as... Well, I don't think, to be truthful, that the Commerce Clause... I mean, if you take Lopez on its face, it's a stupid argument. It's not that... Because he is being... I mean, it's probably ultimately not a meritorious argument, but it's not a frivolous argument in the sense that he has... He's being... What's being criminalized is the bare possession, right, of something that is not currently an operable gun. Well, I think that there's some technical distinctions between operable, restorable, etc. But this Court has held in similar 922-0 cases that it is within Congress's power because, as the Court noted, merely possessing what is, in essence, a machine gun under the law does affect, in aggregate, the amount of machine guns available. And so, in addition to the Commerce power by regulating, for example, wheat and Wickard v. Filburn or personal marijuana use in the Rice case, which, frankly, is a precedent that occurred after the Lopez decision, it fundamentally affects the total number of firearms in the stream of commerce, and these machine guns are very valuable. And so, if it's properly licensed and properly registered, it is a very valuable item. If it's unregistered, it's a felony to possess it. So... I've never heard of this, but is there a robust market for these pieces? There is. Well, for lawfully possessed machine guns, there is, because there's quite a few steps to go through before you can obtain one. But if you're properly licensed, you pay the proper tax, and you acquire the firearm after the firearm's registered to you in the National Firearms Transfer Registry, with approval of the Attorney General, you can possess one. And they're very expensive because there's a limited market. There's a limited universe of firearms. His problem isn't a tax problem. He's contesting this on tax grounds as well, but you're not claiming he should be paying a tax on this. You're claiming he shouldn't have it at all. Correct. So the taxing statute's irrelevant to this? Well, the taxing statute is also relevant because in enacting that comprehensive statute in the 1930s, the Congress appropriately used its taxing powers... Well, I understand it, but that's one problem with the posture of this case, is I understand it. He is asking both for a declaration with regard to the possession statute and also for a declaration with regard to the taxing statute, I guess, on the theory that if he can possess it, he might be prosecuted for not paying the taxes on it because he hasn't paid the taxes on it because they couldn't pay the taxes on it. But I gather the government's position is that statute doesn't apply to him because he just can't have it. He simply cannot possess a machine gun or that particular machine gun at this time. So you would say you're not threatening to prosecute him for not paying the taxes? Well, I can't make any representations as to what he may or may not be prosecuted for, but... But that's why this is such a weird case. I mean, one does not ordinarily see cases about in which the government, in which we're litigating what the government could prosecute somebody for when they haven't prosecuted him. I mean, yes, if there's a First Amendment problem or something, but there isn't, actually. It certainly sounds a lot like, in some ways, he's seeking an advisory opinion from this Court as to what the law is. And the fact that he has... But you're not complaining about that? Or you haven't complained about it? Well... The government hasn't. The government has complained. I'm sorry. The government has not questioned whether a case set up as this one is can go forward. If it is, in fact, an advisory opinion, we can't go forward. Correct. And as we did note in our brief that he does have the ability to simply destroy the machine gun into current standards. Well, he doesn't want to. He wants to keep the machine gun. So that's not a very good argument. Well, he certainly does want to keep it, but that doesn't mean there's a legal manner in which he can keep this particular machine gun, such as it is currently assembled. Okay. Anything else? No, unless the Court has any other questions. And the Director would ask the Court to fund the District Court's decision dismissing his case. Thank you. Do you have a minute for rebuttal? Okay. Just to reiterate to the Court, the threat of arrest does not make it more than an advisory opinion. But what was the threat to arrest you for? For not surrendering it. Well, for what? For possessing the gun? For possessing it. So the tax statute is out of here. We're not really working with that. The tax question is part of the entire thing. Why? Does it have an interstate commerce purpose, or does it have... Well, it doesn't have a tax purpose because they're not trying to tax you. Well, yeah, because machine guns that are unserviceable transfer without payment of tax. But yet, 5861D requires... But their position, and the only thing they have threatened you with, is prosecution for having this gun, not for not paying your taxes. Yes, but that's what... Possession is actually, for violation 5861D, is actually for possession for failure to pay taxes. That is actually what it is. It's a tax evasion statute for possession. That's what it actually is. Really? It's not just you can't have a gun? Well, it goes back to U.S. v. Lopez. The U.S. federal government does not have a police power to cannot... Well, I understand that, but they're claiming a commerce clause power. All right. All right. Thank you. Thank you, counsel. Interesting case. Matters submitted.
judges: Paez, Berzon, Christen